UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

-------------------------------------------------------------- x
ETHAN GOODMAN suing individually and
derivatively on behalf of ALTER EGO
EYEWEAR, LLC, a New York Limited Liability
Company,

                    Plaintiff,

            - against -

PHILIP TURNAGE and ALTER EGO
EYEWEAR, LLC, a Louisiana Limited Liability
Company,

                    Defendants.
-------------------------------------------------------------- x

15 Civ. ____

**COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES**

Plaintiff Ethan Goodman ("Goodman"), suing individually and derivatively on behalf of Alter Ego Eyewear, LLC, a New York Limited Liability Company ("Alter Ego New York") ("Plaintiffs"), by and through his undersigned attorneys Davis Wright Tremaine LLP, as and for his complaint against Defendants Philip Turnage and Alter Ego Eyewear LLC, a Louisiana Limited Liability Company ("Alter Ego Louisiana") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for breach of fiduciary duty, tortious interference with business and contractual relations, conversion, trademark infringement under the laws of the United States, and common law trademark infringement and unfair competition. These causes of action all arise from Defendants' actions in intentionally and unlawfully misappropriating the name and business of Alter Ego New York.

## THE PARTIES

2. Plaintiff Ethan Goodman is a resident of New York. Plaintiff Goodman brings these claims individually and derivatively on behalf of Alter Ego Eyewear, Inc., a New York Limited Liability Company organized under the laws of New York with its principal place of business at 19 Winthrop Drive, Dix Hills, New York.

3. Defendant Philip Turnage is an individual who, upon information and belief, currently resides in Louisiana.

4. Defendant Alter Ego Eyewear, LLC is a Louisiana Limited Liability Company organized under the laws of Louisiana with its principal place of business at 6443 General Diaz, New Orleans, LA 70124.

## JURISDICTION AND VENUE

5. This action arises under and pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the common law.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, because it arises under the trademark laws of the United States. The court has supplemental jurisdiction over Plaintiffs' common law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiffs' claims under federal law that they form a part of the same case or controversy and derive from a common nucleus of operative fact.

7. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(l). There is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. The Court has personal jurisdiction over Defendants because Defendants: (1) transact business in the State of New York; (2) contract to supply services or things in the State

DWT 26207712v3 0085000-000532

of New York; and (3) engaged in tortious activities within, and have caused tortious injury to, Plaintiffs in the State of New York.

9. Venue in this action lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND FOR ALL CLAIMS

10. In 2013, Ethan Goodman and Philip Turnage formed Alter Ego Eyewear, LLC and registered it as a New York limited liability company ("Alter Ego New York").

11. Goodman and Turnage each held and continue to hold a 50% interest in Alter Ego New York, with Turnage as the managing member.

12. After its formation in 2013, Alter Ego New York entered into the business of designing, manufacturing and distributing eyewear. Alter Ego New York entered into manufacturing and distribution contracts with a number of third parties and accumulated an inventory of eyewear.

13. Starting in 2013, Alter Ego New York utilized in commerce the trademark ALTER EGO EYEWEAR and ALTER EGO ("Alter Ego Marks") in connection with its eyewear design, production and distribution business.

14. In September 2014, without the knowledge of Goodman, Turnage formed a limited liability company in the State of Louisiana, using the name "Alter Ego Eyewear, LLC" ("Alter Ego Louisiana").

15. Upon information and belief, Alter Ego Louisiana is in the business of designing, manufacturing and distributing eyewear.

16. In January 2015, without the agreement or knowledge of Goodman, Turnage filed paperwork with the New York Department of State purporting to dissolve Alter Ego New York.

17. After forming Alter Ego Louisiana, Defendants began to divert all of Alter Ego New York's business to Alter Ego Louisiana while holding Alter Ego Louisiana out to be the same entity as Alter Ego New York.

18. Upon information and belief, Defendants have begun working with an eyewear design, manufacturing and distribution business headquartered in New Jersey to, *inter alia*, enter into a business relationship for the sale and/or licensing of Alter Ego New York products.

19. Attached as Exhibit A is an email from Turnage to himself detailing the agenda for one meeting with the New Jersey company, detailing the competitive activities in which Defendants plans to engage on behalf of Alter Ego Louisiana.

20. Turnage converted Alter Ego New York, depriving Goodman of his membership in Alter Ego New York and appropriating it for his own use without legal authority to do so, in the name Alter Ego Louisiana. Put simply, Turnage stole Goodman's 50% ownership interest in Alter Ego New York, and has diverted its corporate opportunities to Alter Ego Louisiana.

21. Defendants also converted Alter Ego New York's inventory and, upon information and belief, are using that inventory for the benefit of Alter Ego Louisiana, including by selling it.

22. Upon information and belief, Alter Ego Louisiana has used the confidential and proprietary business information of Alter Ego New York, including to usurp business opportunities.

23. Defendants have no right to use the Alter Ego Marks. However, Defendants have used and are using the Alter Ego Marks in connection with Alter Ego Louisiana's business of designing, manufacturing and distributing eyewear.

24. Upon information and belief, Defendants have utilized the Alter Ego Marks to deliberately mislead third parties about its relationship or affiliation with Alter Ego New York.

25. By using the Alter Ego Mark, Defendants wrongfully associate Alter Ego New York with Alter Ego Louisiana.

26. Defendants' conduct has resulted in substantial injury to Plaintiffs.

## COUNT I
## Breach of Fiduciary Duty
## Against Philip Turnage

27. Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1 through 25 of this Complaint as if fully set forth herein

28. As a manager and controlling member of Alter Ego New York, Defendant Turnage owed a fiduciary duty to Alter Ego New York.

29. Defendant Turnage breached his fiduciary duty to Alter Ego New York in numerous ways, including but not limited to, secretly dissolving Alter Ego New York, secretly creating Alter Ego Louisiana in an attempt to pass itself off as Alter Ego New York, stealing inventory belonging to Alter Ego New York, and interfering with the contractual and business relationships of Alter Ego New York.

30. Defendant Turnage's breaches are material.

31. Defendant Turnage's breaches have, and will continue to, damage Alter Ego New York in an amount that is not presently ascertainable but will be established at trial.

## COUNT II
## Breach of Fiduciary Duty
## Against Philip Turnage

32. Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein

33. As a manager and controlling member of Alter Ego New York, Defendant Turnage owed a fiduciary duty to Goodman.

34. Defendant Turnage breached his fiduciary duty to Goodman in numerous ways, including but not limited to, secretly dissolving Alter Ego New York, secretly creating Alter Ego Louisiana in an attempt to pass itself off as Alter Ego New York, stealing inventory belonging to Alter Ego New York, and interfering with the contractual and business relationships of Alter Ego New York.

35. Defendant Turnage's breaches are material.

36. Defendant Turnage's breaches have, and will continue to, damage Goodman in an amount that is not presently ascertainable but will be established at trial.

## COUNT III
### Tortious Interference with Business and Contractual Relations
### Against Philip Turnage and Alter Ego Louisiana

37. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

38. Alter Ego New York had business and contractual relationships with third parties relating to the production and distribution of eyewear.

39. Upon information and belief, Defendants interfered with Alter Ego New York's business and contractual relationships with third parties.

40. Upon information and belief, Defendants acted intentionally, with the intent to harm Alter Ego New York, and by using dishonest, unfair, and improper means. Defendants sought to injure Alter Ego New York, to gain an unfair competitive advantage, and to unfairly reap the benefits of Alter Ego New York's efforts in developing and maintaining business and contractual relationships.

41. As a direct and proximate result of Defendants' unlawful activities complained of herein, Defendants have damaged and continue to damage Alter Ego New York in an amount that is presently not ascertainable, but will be established at trial.

## COUNT IV
### Conversion
### Against Philip Turnage and Alter Ego Louisiana

42. Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

43. Alter Ego New York is the sole and exclusive owner of certain eyewear inventory and other property.

44. Defendants have no rights, title or interest in that eyewear inventory and other property.

45. Without any right or authorization, and in knowing violation of Alter Ego New York's rights, Defendants have exercised dominion over that eyewear inventory and other property, to the exclusion of Alter Ego New York's rights therein.

46. As a direct and proximate result of Defendants' actions, Defendants have damaged and continue to damage Alter Ego New York in an amount that is presently not ascertainable, but will be established at trial.

## COUNT V
### Conversion
### Against Philip Turnage

47. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

48. By secretly dissolving Alter Ego New York and forming Alter Ego Louisiana, Turnage appropriated Alter Ego New York (and converted it to Alter Ego Louisiana) for his own use without legal authority to do so.

49. Upon information and belief, Alter Ego Louisiana received revenues that otherwise would have been paid to Alter Ego New York.

50. As a direct and proximate result of Defendants' actions, Defendants have damaged and continue to damage Alter Ego New York in an amount that is presently not ascertainable, but will be established at trial.

## COUNT VI
### Federal Trademark Infringement under 15 U.S.C. § 1125(a)
### Against Philip Turnage and Alter Ego Louisiana

51. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

52. Alter Ego New York's use of the Alter Ego Marks predates any use of the Marks by Defendants.

53. Upon information and belief, Defendants are using the Alter Ego Marks in commerce.

54. Defendants' unauthorized use of the Alter Ego Eyewear Marks is likely to cause confusion, to cause mistake, or to deceive as to the affiliation of Alter Ego Louisiana's goods and services and the sponsorship or endorsement of those goods or services by Alter Ego New York.

55. The acts of Defendants complained of herein constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

56. The acts of Defendants complained of herein were committed willfully and deliberately, in bad faith, with full knowledge of Alter Ego New York's rights, and with the intention of deceiving and misleading the public and causing harm to Alter Ego New York.

57. As a direct and proximate result of Defendants' infringing activities, Defendants have been unjustly enriched, and Alter Ego New York has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## COUNT VII
### Common Law Trademark Infringement and Unfair Competition
### Against Philip Turnage and Alter Ego Louisiana

58. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

59. Alter Ego New York's use of the Alter Ego Marks predates any use of the Marks by Defendants.

60. Upon information and belief, Defendants are using the Alter Ego Eyewear Marks in commerce.

61. Defendants' unauthorized use of the Alter Ego Marks is likely to cause confusion, to cause mistake, or to deceive as to the affiliation of Alter Ego Louisiana's goods and services and the sponsorship or endorsement of those goods or services by Alter Ego New York.

62. The acts of Defendants complained of herein constitute common law trademark infringement and unfair competition.

63. The acts of Defendants complained of herein were committed willfully and deliberately, in bad faith, with full knowledge of Alter Ego New York's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

64. As a direct and proximate result of Defendants' infringing activities, Defendants have been unjustly enriched, and Alter Ego New York has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## COUNT VIII
## ACCOUNTING

65. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 63 of this Complaint as if fully set forth herein.

66. As a member of Alter Ego New York, Turnage had a relationship of a fiduciary or confidential nature with Goodman and Alter Ego New York.

67. Turnage was responsible for, and entrusted by Goodman with, the money and property of Alter Ego New York.

68. Turnage was solely responsible for and in control of the money and property of Alter Ego Louisiana, which rightfully belongs to Alter Ego New York, and thus a portion of which rightfully belongs to Goodman.

69. As Turnage has now converted Alter Ego New York for his own use to the exclusion of Goodman, by secret and dishonest means, a demand for an accounting would be futile.

70. Alter Ego New York and Goodman are entitled to a formal accounting for all funds received and expended by Alter Ego New York and Alter Ego Louisiana for calendar years 2014 and 2015.

## COUNT IX
## DECLARATORY JUDGMENT

71. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

72. Goodman, a 50% member of Alter Ego New York, did not vote or provide written consent to dissolve Alter Ego New York.

73. No event occurred that would permit Turnage to dissolve Alter Ego New York in the absence of a vote or the written consent of a majority in interest of the members of Alter Ego New York (which did not occur).

74. Turnage unlawfully dissolved Alter Ego New York without Goodman's knowledge or consent.

75. The Court should declare that the dissolution of Alter Ego New York was improper and unlawful, and should be deemed *void abinitio*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

a) Enter judgment for Plaintiffs on all of their claims;

b) Order Defendants to immediately return to Alter Ego New York all property of Alter Ego New York retained by Defendants;

c) Issue a permanent injunction prohibiting Defendants, and their agents, employees, attorneys, and all others in active concert or participation with Defendants from

    (i) using the Alter Ego Marks, or any other name or mark that is confusingly similar to the Alter Ego Marks in any materials in any medium associated with Defendants' business;

    (ii) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants or their products or services, emanate from, or are connected with, sponsored by or approved by Alter Ego New York; and

d) Declare that Defendants' unauthorized use of the Alter Ego Marks infringes Alter Ego New York's rights in and to the Alter Ego Marks;

e) Declare that Defendants' trademark infringement was willful, knowing and intentional;

f) Award Plaintiffs compensation for any and all damages, injury, or harm incurred as a result of Defendants' unlawful conduct;

g) Order full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct;

h) Award Plaintiffs treble damages resulting from Defendants' willful and intentional conduct;

i) Award Plaintiffs punitive and exemplary damages;

j) Assess the costs and attorneys' fees incurred by Plaintiffs in this action against Defendants;

k) Order an accounting for all funds received and expended by Alter Ego New York and Alter Ego Louisiana for calendar years 2014 and 2015; and

l) Declare that the dissolution of Alter Ego New York was improper and should be deemed *void abinitio*;

m) Enter any and all other relief as this Court deems just and proper.

Dated: New York, New York
February 20, 2015

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Lyle Zuckerman
Lyle Zuckerman

*Attorneys for Alter Ego Eyewear LLC, a New York Corporation, and Ethan Goodman.*
1633 Broadway 27th floor
New York, New York 10019
(212) 603-6452